# Lorenz's Appeal.

1. A minor lived with his stepfather against whose land he held a lien. After the minor came of age, his guardian filed his account in which he charged himself with the lien, although not collected by him; and also took credit for it. The stepfather excepted to the account, alleging that his charge for supporting the minor which was disputed, should be deducted from the lien. The Orphans' Court struck out the credit for the lien and allowed a credit for the claim for the minor's support. *Held* to be error, the ward being the person to receive the lien and not the guardian.

2. In a guardian's account, a creditor of a ward cannot intervene between him and his guardian; therefore the Orphans' Court had no jurisdiction.

3. The ward had an action at law for the lien, in which the stepfather might set up any legitimate defence.

October 11th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Orphans' Court of *Allegheny county :* No. 136; to October and November Term 1871. In the matter of the account of Thomas Mellon, guardian, &c., of Frederick S. Lorenz, a minor.

In January 1858, Hon. Thomas Mellon was appointed guardian, &c., of the minor, who was then about ten years of age, and had an estate amounting to nearly $12,000. The minor lived with his mother for fourteen or fifteen months, and she was paid in full for his boarding at the rate of $300 per annum. She then married

William M. Grace, and the minor continued to live with him until shortly before his arrival at age. During that time the guardian paid to Grace $300 for boarding the minor. In 1864, Grace purchased a tract of land, on which there was an encumbrance of $2671 in favor of the minor for owelty in partition. After that Grace did not apply to the guardian for more money, because, as he testified, "the property was subject to this debt and I owed it."

After the arrival of the ward at age, the guardian settled a final account, charging himself, amongst other things, with the abovesaid charge, amounting with interest to $3223.88, taking credit for payments actually made on account of the ward's support, with other items of credit; and also taking credit for the whole amount of the charge on the land, the same being still unpaid by Grace.

Grace filed exceptions to the credit claimed for the unpaid owelty, on the ground that the guardian should have allowed him for his support of the minor and reduced the sum due by him for the owelty to that extent. The claim of Grace for the support of the minor was disputed.

The account and exceptions were referred to W. G. Hawkins, Jr., Esq., as auditor, who struck out the credit taken by the guardian for the owelty; credited him with $2500.88 to be paid Grace for support of the ward, and $723 as the balance still due by Grace for the owelty.

The ward filed exceptions to the report, one of which was: That the ward having arrived at age and Grace's claim being still unpaid, the Orphans' Court had no jurisdiction to settle a disputed account between him and the ward. The other exceptions related to the merits of Grace's claim.

The court overruled the exceptions and confirmed the auditor's report.

Lorenz, the ward, appealed to the Supreme Court and assigned the decree of confirmation for error.

*S. A. McClurg* (with whom was *J. Mellon*), for appellant.

*M. W. Acheson*, for appellee.

The opinion of the court was delivered, October 23d 1871, by

READ, J.—In January 1858, the Hon. Thomas Mellon was appointed guardian of Frederick S. Lorenz, whose estate, inherited from his grandfather, amounted to about $12,000. The appellant then lived with his mother, who was a widow, and who on 22d March 1859, married William M. Grace. Judge Mellon had paid her $343.50 for the maintenance of his ward, prior to her marriage. After his mother's marriage the appellant continued to reside with her and her husband, to whom the guardian paid $300. Some time in the year 1864, Mr. Grace purchased a tract of land, on

which there was a charge of $2671 owelty of partition, in favor of his stepson F. S. Lorenz. Judge Mellon filed a first and final account of his guardianship, which was presented to the court, showing account balanced, which on the 6th December 1869 was confirmed nisi. The guardian took credit for the sums actually paid Mr. and Mrs. Grace, charging and crediting himself with the owelty charged on the lands purchased by Grace, and interest, as if still due F. S. Lorenz from William M. Grace.

Upon exceptions filed an auditor was appointed, who allowed W. M. Grace for maintenance of F. S. Lorenz, $2500.88, and taking it out of the owelty of partition, as if it had been actually received by the guardian, reduced the owelty of partition from $3223.88 to $723. Upon exceptions filed, the court dismissed appellant's exception and confirmed the auditor's report; from which decree this appeal is taken.

The guardian never received the money he is now charged with, nor did he ever pay the alleged debt or claim for maintenance. The ward is of age and the owelty belongs to him, and not to the guardian, and the appellant is the only person who can receive it. In a guardianship account a creditor cannot intervene between guardian and ward, and the court has no power to adjudicate upon the claim having no jurisdiction.

The ward is entitled to his common-law remedy and trial by jury, in which any defence his stepfather has can be set up.

> Decree reversed, and the guardianship account as presented to the court and confirmed nisi, is confirmed absolutely.